IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01512-CMA

ROCKY MOUNTAIN WILD, et al.,
    Petitioners,

v.

DAN DALLAS, et al.,
    Respondents,

and

LEAVELL MCCOMBS JOINT VENTURE
    Respondent-Intervenor.

## RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION TO EXTEND BRIEFING SCHEDULE

For the reasons set forth below, Respondents oppose Petitioners' Motion to Extend the Briefing Schedule in the case, ECF No. 49.

1. The current briefing schedule on the merits of this matter was sought by Petitioners. *See* Joint Status Report on Stipulated Case Mgmt. Plan for Pet. For Review of Agency Action, ECF No. 38; Scheduling Order, ECF No. 44. Respondents sought a more compressed schedule to provide the best opportunity to have the case resolved before Respondent-Intervenor Leavell McCombs Joint Venture ("LMJV") is scheduled to begin road construction, and thus avoid the expenditure of judicial and party resources on emergency motions to stop construction. Petitioners' proposed extension—and their more troubling suggestion that they will later seek a full stay of the case (*see* ECF No. 49 ¶ 8)—threatens to delay the resolution of the merits and precipitate preliminary injunction proceedings this spring.

2. Contrary to Petitioners' suggestion, the pending motions in this case do not require adjustment of the schedule. Petitioners' laundry list of reasons for delay at most identify a *preference* for a different schedule; the reasons do not show a hardship or inequity associated with briefing the merits on the existing schedule.

3. Petitioners' motion to reconsider the Court's order granting Respondents' partial motion to dismiss, ECF No. 37, remains pending.  While Respondents believe the motion should be denied, Petitioners can preserve the Alaska National Interest Lands Conservation Act ("ANILCA") issue it raises by provisionally including that issue in the merits briefing.  The same is true of the issues raised in LMJV's pending partial motion to dismiss, ECF No. 25.  Doing so would allow the Court to resolve those motions and the merits issues at the same time.

4. Petitioners' pending motion to compel completion of the record does not require the Court to delay merits briefing.  ECF No. 45.  As set forth in Respondents' Brief, the record before the Court is adequate to facilitate proper judicial review.  *See* ECF No. 46.[1]  Further, even assuming Petitioners are correct that some emails or other peripheral documents should be included in the record, the Court still need not delay briefing. Petitioners do not meaningfully dispute that the record contains a fulsome accounting of the agencies' decisions and decision-making process, which is more than sufficient to allow for meaningful judicial review of the challenged actions. 5 U.S.C. § 706 ("the court shall review the whole record or those parts of it cited by a party."); *cf.*

---

[1] Likewise, Petitioners' ongoing Freedom of Information Act ("FOIA") litigation, *Rocky Mountain Wild v. U.S. Forest Service*, No. 18-cv-03065-MEH, is irrelevant because the standards for inclusion of documents in the administrative record are wholly independent of FOIA's record production requirements.  *See* ECF No. 46 at 11.

*California by & through Becerra v. Azar*, 950 F.3d 1067, 1083 & n.11 (9th Cir. 2020) (holding that resolution of the merits was appropriate even though the "full administrative record" was not produced). And, if the merits briefing reveals that the record is inadequate, the appropriate recourse is to remand the matter to the agency for additional explanation—not to hold the case in abeyance until Petitioners believe that the case should proceed. *Camp v. Pitts*, 411 U.S. 138, 143 (1973).

5. Nor is resolution of this case dependent on the final resolution of the litigation challenging the 2015 Land Exchange, *Rocky Mountain Wild v. Dallas*, No. 15-cv-01342-JLK (D. Colo.). The sole pending issue in that case is whether the land exchange set aside by the Court has been unwound. *See* Fed. Defs.' Reply to Pls.' Resp. to Agency Disclosures, *Rocky Mountain Wild v. Dallas*, No. 15-cv-01342-JLK, ECF No. 141. That issue has no relevance to Petitioners' challenge to the 2019 Record of Decision granting LMJV right-of-way for road access. Indeed, Judge Kane has rejected Petitioners' attempts to intertwine that litigation and this litigation. *See* Order Den. Defs.' Mot. to Dismiss & Unwind Land Exchange at 3, *Rocky Mountain Wild v. Dallas*, No. 15-cv-01342-JLK, ECF No. 123 ("I agree with Defendants that Plaintiffs' challenge to the 2019 ROD and the agency actions on which it relies must be adjudicated in their new lawsuit and not reviewed in the present case.").

In short, rather than litigate the merits, Petitioners seek to slow this case down. On the eve of merits briefing, they identify reasons for delay that effectively ask the Court to hold this case in abeyance pending the resolution of several issues that need not delay resolution on merits. The Court should reject this tactic. Petitioners fail to present good cause for revising the schedule and further delay in this case threatens to

jeopardize merits briefing on a full record while increasing the likelihood of wholly avoidable emergency injunction proceedings. For the foregoing reasons, Defendants oppose Petitioners' Motion to Extend Time.

DATED:  August 26, 2020         Respectfully submitted,

JEAN E. WILLIAMS
DEPUTY ASSISTANT ATTORNEY GENERAL
Environment and Natural Resources Division

s/ *Barclay T. Samford*
BARCLAY T. SAMFORD
Natural Resources Section
MICHAEL R. EITEL
Wildlife and Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, Colorado  80202
Tel.:  (303) 844-1475
Fax:  (303) 844-1350
E-mail:  clay.samford@usdoj.gov