IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01512-CMA

ROCKY MOUNTAIN WILD,
SAN LUIS VALLEY ECOSYSTEM COUNCIL,
SAN JUAN CITIZENS ALLICANCE, and
WILDERNESS WORKSHOP,

     Petitioners,

v.

DAN DALLAS, in his official capacity as Forest Supervisor,
TAMARA WHITTINGTON, in her official capacity as Deputy Regional Forester,
BRIAN FEREBEE, in his official capacity as Regional *Forester*,
UNITED STATES FOREST SERVICE, a Federal Agency within the U.S. Department of Agriculture,
ANNE TIMBERMAN, in her official capacity as Western Colorado Supervisor, and
U.S. FISH AND WILDLIFE SERVICE, a federal agency within the Department of the Interior,

     Respondents, and

LEAVELL-MCCOMBS JOINT VENTURE,

     Respondent-Intervenor.

---

**ORDER GRANTING IN PART AND DENYING IN PART
PETITIONERS' MOTION FOR RECONSIDERATION AND
DENYING LMJV'S MOTION TO DISMISS AS MOOT**

---

     This matter is before the Court on Petitioners' Motion to Reconsider or in the Alternative to Amend Complaint ("Motion to Reconsider") (Doc. # 37) and Respondent-Intervenor Leavell-McCombs Joint Venture's ("LMJV") Partial Motion to Dismiss (Doc. # 12). Both Motions are fully briefed. (Doc. ## 36, 40, 42, 43.) For the following reasons,

the Court denies LMJV's Motion to Dismiss as moot and grants Petitioners' Motion for Reconsideration in part and denies it in part.

## I. BACKGROUND

The Court recounted the facts of this case in its Order Granting Partial Motion to Dismiss and Granting Motion to Intervene ("March 2020 Order"). (Doc. # 24.) Those facts are incorporated by reference. Accordingly, this Order will reiterate the factual background only to the extent necessary to address Petitioners' Motion for Reconsideration.

This case involves LMJV's plans to develop resort facilities on a parcel of land that it owns in Wolf Creek, Colorado. Those plans have been complicated by the fact that its parcel is surrounded by federal land, which limits LMJV's ability to access and develop its property. Consequently, LMJV has sought to construct a road that facilitates its development goals.

In February 2019, Respondent United States Forest Service ("USFS") issued a final Record of Decision ("2019 ROD"), which granted LMJV "a right-of-way to construct an access road across Forest Service land from Highway 160 to its private property." (Doc. # 8 at 6.) Petitioners assert that the 2019 ROD is flawed in that Respondents "have taken final agency action to issue private interests in federal lands and granted access necessary to build a massive resort development without considering or taking the steps necessary to reduce and eliminate impacts to the surrounding National Forest System lands." (Doc. # 1 at 4.)

Based on these allegations, Petitioners' Complaint raises fourteen claims for relief that seek to invalidate the 2019 ROD. Relevant here, several of Petitioners' claims challenge the applicability, and USFS's interpretation, of the Alaska National Interest Lands Conservation Act ("ANILCA"), 16 U.S.C. § 3210. Specifically, Petitioners argue that the "ANILCA's provisions . . . only apply to Alaska . . . ." (Doc. # 1 at 29.) Additionally, Petitioners suggest that USFS could use the ANILCA to regulate or control a landowner's use of their property.

Respondents filed a Partial Motion to Dismiss the Complaint on August 23, 2019. (Doc. # 8.) They argued that, although some of the ANILCA is particular to the state of Alaska, the statute's access provision is not. Respondents further argued that the statute does not vest USFS with authority to "impose terms and conditions upon the use of private inholdings as a condition of granting access to the property." (Doc. # at 9.)

The Court granted Respondents' motion in its March 2020 Order. The Court ruled that **(1)** the ANILCA's access provision applies to states other than Alaska; and **(2)** the ANILCA does not authorize USFS to regulate private land use. (Doc. # 24 at 5–8.) As a result, the Court dismissed Petitioners' sixth claim for relief in its entirety, as that claim was premised on the theory that the ANILCA is applicable only to the state of Alaska. (*Id.* at 12.) Additionally, the Court limited Petitioners' remaining claims to the extent that they were inconsistent with the Court's interpretation of the statute. (*Id.*)

Petitioners' Motion seeks reconsideration of the Court's second determination regarding the scope of the ANILCA, as well as the Court's dismissal of the sixth claim for relief in its entirety.

## II.     LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not provide for a motion to reconsider an interlocutory ruling, district courts have broad discretion to reconsider their interlocutory rulings before entry of judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011); Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e), or a motion for relief from judgment brought pursuant to Rule 60(b), are not satisfied. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Hale v. Marques*, No. 19-cv-0752-WJM-SKC, 2020 WL 1593339, at *3 (D. Colo. Mar. 30, 2020) (quoting *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d 1250, 1256 (D. Colo. 2000)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* "A motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.*; *see Sanchez v. Hartley*, No. 13-cv-1945-WJM-CBS, 2014 WL 4852251, at *2 (D. Colo. Sept. 30, 2014) (refusing to reconsider an interlocutory order where the defendants did not show "an intervening change in the

4

law, newly discovered evidence, or the need to correct clear error or manifest injustice"). The Court may be guided by Rules 59 and 60 standards in deciding whether to alter or vacate an interlocutory order. *Perkins v. Fed. Fruit & Produce Co. Inc.*, 945 F. Supp. 2d 1225, 1232 (D. Colo. 2013).

### III.  DISCUSSION

### A.  THE MARCH 2020 ORDER IS CONSISTENT WITH PRIOR CASE LAW

Petitioners argue that prior decisions from judges in this district are at odds with the Court's determination that the ANILCA does not authorize USFS to regulate private land use. The Court disagrees.

In its March 2020 Order, the Court noted that "the ANILCA does not require USFS to permit an inholder's use of federal land if USFS decides that the inholder's use of private land would be an 'unreasonable use of the non-Federal land.'" (Doc. # 24 at 7) (quoting 56 Fed. Reg. 27,410 (June 14, 1991)). However, the Court reasoned that "USFS's determination of what constitutes a 'reasonable use' of an inholder's land does not authorize USFS to regulate the inholder's land use," because "[r]egulation of land use . . . is a quintessential state and local power." (*Id.* at 7–8) (quoting *Rapanos v. United States*, 547 U.S. 715, 738 (2006)). Thus, the Court concluded that, absent a more definitive statement from Congress, it is improper to interpret USFS's authority so broadly that the agency may regulate private land use under the ANILCA.

The prior decisions to which Petitioners refer do not conflict with this reasoning. In *Colorado Wild, Inc. v. United States Forest Service* ("October 2007 Order"), Judge Kane noted that the ANILCA provides that USFS "must determine what constitutes

5

reasonable use and enjoyment of the lands, what access is adequate to allow for those reasonable uses and what, if any, terms and conditions should be placed on that access to meet other statutory and regulatory obligations and goals." 523 F. Supp. 2d 1213, 1227 n.15 (D. Colo. 2007) (citing 16 U.S.C. § 3210; *High Country Citizens' All. v. U.S. Forest Serv.*, 203 F.3d 835 (10th Cir. 2000) ("[I]n deciding whether to issue a special use permit to the owner of an inholding pursuant to the FMLPA, the ANILCA, and accompanying regulations, the Forest Service must determine: (1) what uses of the property are reasonable; and (2) what access is adequate to allow for those reasonable uses.")). Judge Kane then summarized applicable federal regulations regarding USFS's "reasonable use" determination, noting that USFS's "reasonable use determination under ANILCA may properly limit a landowner's use of non-Federal land 'to the extent that the facilities and modes of access authorized on Federal land limit the use and enjoyment of non-Federal land to that which is determined to be reasonable by the authorizing officer.'" *Id.* (quoting 56 Fed. Reg. at 27,411).

Judge Kane's analysis is consistent with this Court's March 2020 Order. In fact, the Court quoted the same regulatory language concerning the scope of USFS's reasonable use inquiry. (Doc. # 24 at 7) ("A landowner's use of non-Federal land is limited by these regulations only to the extent that the facilities and modes of access authorized on the Federal land limit the use and enjoyment of the non-Federal land to that which is determined to be reasonable by the authorizing officer." (quoting 56 Fed. Reg. 27,410)). Because this Court's March 2020 Order is consistent with Judge Kane's

6

October 2007 Order, Judge Kane's order does not support Petitioners' assertion that this Court should reconsider its ruling.

Similarly, Judge Matsch's decision in *Rocky Mountain Wild v. Dallas* ("May 2017 Order"), does not conflict with this Court's March 2020 Order. No. 15-cv-01342-RPM, 2017 WL 6350384 (D. Colo. May 19, 2017). In that case, Judge Matsch considered a factual scenario that is not at issue in this case—i.e., "[w]hen a land exchange is used as an alternative to ANILCA access across federal land," and an "agency is conveying **title** to federal property, **not access** across federal property." *Id.* at *12 (emphasis added). Judge Matsch ruled that in such circumstances "any limitation on Forest Service power to regulate private property to which access is granted under ANILCA is inapplicable." *Id.* Thus, the May 2017 Order has little bearing on the instant case.

However, Judge Matsch did note—citing to Judge Kane's October 2007 Order— that the "ANILCA's limitation on Forest Service power to restrict the use of property to which ANILCA access is granted is . . . not . . . absolute." *Id.* at *12 n.13 (citing 523 F. Supp. 2d at 1227–28 n.15). In other words, when USFS grants an inholder access to their private parcel under the ANILCA, that action can have **some impact** on the use of the land. As Judge Kane's order, the applicable federal regulations, and this Court's March 2020 Order indicate, that impact is limited "to the extent that the facilities and modes of access authorized on the Federal land limit the use and enjoyment of the non-Federal land to that which is determined to be reasonable by the authorizing officer." 523 F. Supp. 2d at 1227–28 n.15 (quoting 56 Fed. Reg. 27,411). In summary, Judge

Matsch's reasoning in the May 2017 Order does not suggest that this Court should reconsider its March 2020 Order.

To be clear, the Court's March 2020 Order did not negate USFS's duty to consider whether an inholder's use of private land constitutes a "reasonable use" pursuant to the ANILCA. Rather, the Court declined to write USFS a blank check to mandate how an inholder uses their land—e.g., USFS may not condition access to a wheat farmer's inholding on the farmer's promise to make cement instead, assuming both options are reasonable usages of the land.

### B.  CLAIM SIX IS REVIVED IN PART

In Petitioner's Complaint, Claim Six asserts that "[a]pplication of ANILCA to National Forest System lands in Colorado is precluded by the plain language of the statute." (Doc. # 1 at 72.) The Court rejected that theory in the March 2020 Order and dismissed Claim Six in its entirety. (Doc. # 24 at 12.)

However, Petitioners correctly point out that Claim Six also asserts an alternative theory, which is not based on the premise that the ANILCA is limited to the state of Alaska. Specifically, Petitioners allege that USFS did not conduct a proper "reasonable use" inquiry with respect to LMJV's property. Thus, Petitioners "respectfully request this Court reconsider dismissal of the entire Claim, and limit the ruling to dismissing the challenge to ANILCA's application outside of Alaska . . . ." (Doc. # 37 at 7.)

Upon review of the Complaint, the Court finds that the alternative theory set forth in Claim Six is narrower than, and severable from, the theory that the Court rejected. As a result, the allegations set forth in paragraphs 274–79 of the Complaint shall remain

pending. The remaining allegations in Claim Six are stricken for the reasons stated in the March 2020 Order.

## C.     LEAVE TO AMEND IS NOT WARRANTED

The Court notes that Petitioners seek leave to amend their Complaint in the event that the Court declines to reconsider its reasoning regarding the scope of the ANILCA. (Doc. # 37 at 8.) Petitioners indicate that their amended pleading would "narrow and clarify the sources of federal power and control over the LMJV parcel and the ANILCA access, in accordance with the Court's ANILCA rulings." (*Id.*) However, considering the Complaint in light of the March 2020 Order and this Order, Respondents have adequate notice of the claims that are pending against them. Moreover, because several deadlines in this case are approaching, the Court finds that it is in the interests of all the parties, and judicial economy, to move this case past the pleading stage. Therefore, the Court denies Petitioners' request for leave to amend their Complaint.

## D.     LMJV'S PARTIAL MOTION TO DISMISS

LMJV renewed its Partial Motion to Dismiss on April 1, 2020. (Doc. # 25.) That Motion raises issues regarding the scope of the ANILCA that the Court has addressed in both this Order and the March 2020 Order. *See* (Doc. # 12 at 9–16) (arguing that USFS may not regulate private land use). As a result, LMJV's motion is moot. To the extent that the motion raises issues that the Court has not decided—e.g., whether the "reasonable use" inquiry requires consideration of the landowner's **intended** use of the land—LMJV may raise those arguments in its brief directed to the merits of this case.

9

## IV. CONCLUSION

Based on the foregoing, the Court ORDERS as follows:

- Petitioners' Motion to Reconsider (Doc. # 37) is GRANTED IN PART AND DENIED IN PART. The Motion is **granted** to the extent that Petitioners sought to revive the part of Claim Six that is severable from the part that the Court previously dismissed, i.e., paragraphs 274–79;
- LMJV's Partial Motion to Dismiss (Doc. # 12) is DENIED AS MOOT.

DATED: September 22, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge