## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-01512-CMA

ROCKY MOUNTAIN WILD; et al.,
        Petitioners,

        v.

DAN DALLAS, et al.,
        Respondents,

        and

LEAVELL MCCOMBS JOINT VENTURE
        Respondent-Intervenor.

---

## RESPONDENTS' BRIEF IN OPPOSITION TO PETITIONERS' MOTION FOR ADDITIONAL WORDS

---

For the reasons set forth below, Respondents oppose Petitioners' request to extend the word limitation on their opening brief by 4,000 words—the equivalent of approximately 15 additional pages.

1.      The normal page limit for summary judgment briefing in this Court is 20 pages.  CMA Civ. Practice Standard 10.1(d)(2).

2.      The limit set by the Court in this case is the 13,000-word limit used by the Tenth Circuit Court of Appeals.  Fed. R. App. P. Rule 32(a)(7)(B)(i).  This word limit translates into approximately 48 pages.[1]  Thus, the existing word limit already constitutes a generous extension of the Court's 20-page limit.

---

[1] *See* http://www.wordstopages.com/ (13,000 words in Arial 12 point font equals 47.5 double-spaced pages).

3.     Petitioners' requested extension would add approximately 15 pages to their opening brief.[2]

4.     Petitioners have not met their burden to demonstrate good cause for this large increase in the page limit.

a.     The use of the appellate word limit is presumptively appropriate because, under *Olenhouse v. Commodity Credit Corporation,* "[r]eviews of agency action in the district court must be processed *as appeals.*"  42 F.3d 1560, 1580 (10th Cir. 1994).  But there is no basis for extending the page limit *beyond* that used by the Tenth Circuit.  The issues presented in this case are certainly no more complex than those routinely resolved by the Tenth Circuit under its 13,000-word limit.

b.     In an attempt to show good cause, Petitioners emphasize the large number of claims in their complaint and case's lengthy history.  Pet. Mot. at ¶¶1-3.  But that information was before the Court when it set the 13,000-word limit.  Indeed, relying on these same concerns, Petitioners sought a schedule that would have allowed them to file a 13,000 word brief ***and*** to incorporate by reference arguments made in the prior case.  ECF 38 at ¶ 6(C)(ii).  The Court rejected this proposal, setting the 13,000-word limit and noting incorporation of the prior arguments by reference "circumvents reasonable page limitations."  ECF 44 at ¶ 6(C).  There is no call to revisit that conclusion now; the 13,000-word limits remains adequate for briefing all the issues in this case.

5.     For these reasons, Respondents respectfully request that Petitioners'

---

[2] *See* http://www.wordstopages.com/ (4,000 words in Arial 12 point font equals 14.6 double-spaced pages).

request to extend the page limit be denied, but, in the event it is granted, Respondents

request a corresponding increase in their own word limit

DATED:  September 22, 2020       Respectfully submitted,

JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment and Natural Resources Division

*/s/Barclay T. Samford*
BARCLAY T. SAMFORD
Natural Resources Section
MICHAEL R. EITEL
Wildlife and Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, Colorado  80202
Tel.:  (303) 844-1475
Fax:  (303) 844-1350
E-mail:  clay.samford@usdoj.gov