IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01512-CMA

ROCKY MOUNTAIN WILD,
SAN LUIS VALLEY ECOSYSTEM COUNCIL, and
WILDERNESS WORKSHOP,

      Petitioners,

v.

DAN DALLAS, in his official capacity as Forest Supervisor,
TAMARA WHITTINGTON, in her official capacity as Deputy Regional Forester,
BRIAN FEREBEE, in his official capacity as Regional Forester,
UNITED STATES FOREST SERVICE, a Federal Agency within the U.S. Department of Agriculture,
ANNE TIMBERMAN, in her official capacity as Western Colorado Supervisor, and
U.S. FISH AND WILDLIFE SERVICE, a federal agency within the Department of the Interior,

      Respondents,

LEAVELL-MCCOMBS JOINT VENTURE,

      Respondent Intervenor.

**ORDER DIRECTING RESPONDENTS TO LODGE COMPLETE ADMINISTRATIVE RECORD IN COURT DOCKET AND DIRECTING PARTIES TO FILE JOINT STATUS REPORT**

This matter is before the Court on the Administrative Record lodged by Respondents (Doc. ## 26–34) and Respondent-Intervenor's First Status Report and Request to Schedule a Status Conference, Or, in the Alternative, To Set Oral Argument (Doc. # 68).

The Administrative Record in this case purportedly spans over 70,000 pages. (Doc. # 46.) Respondents lodged over 150 docket entries that should contain the complete Administrative Record. (*See* Doc. ## 26–34.) However, the Administrative Record provided to the Court appears to be incomplete and, at times, out of order.

For example, in the Administrative Record lodged via the CM/ECF system, Docket Number 30-5 ends at W10684 and Docket Number 30-6 begins at W11872, skipping a large portion of the Administrative Record. The Court has identified other gaps in the Administrative Record as well. (*Compare* Doc. # 30-9 *with* Doc. # 30-10.) Further, some documents in this Administrative Record were provided out of order. For example, Docket Number 34-1 begins at VWC04063 and ends on VWC00135.

The Court notes that all Parties seem to agree that W10694 *et seq.* should be included in the Administrative Record. Indeed, the Parties cite to Administrative Record W10694 to discuss the Final Environmental Impact Statement ("FEIS"), a key document necessary to the Court's analysis. (*See* Doc. ## 59 at 19; 61 at 14; Doc. # 62 at 14.) However, it is unclear how the Parties have cited this record given that it appears to be missing from the Administrative Record, or it is so out of order that the Court has been unable to locate it.

The Court presumes that the Parties have used their own copies of the Administrative Record, rather than ensuring that the complete record was provided to the Court. This has resulted in inefficiencies and a waste of judicial resources, including many hours spent by Court staff searching for records that are either missing or are out of order in a 70,000+ page Administrative Record.

Accordingly, the Court ORDERS as follows:

- Within thirty (30) days of this Order, Respondents are directed to revise the various table of contents provided to the Court to identify by docket number (including sub-docket number) where in the official Administrative Record the Court can find the identified documents. For example, Docket Number 27-1 contains a table of contents and identifies the FEIS as being located at W10694. Respondents should add a column to Docket 27-1 and identify where the Court can find the FEIS in the official Administrative Record lodged with the Court. Respondents should share the revised documents with Petitioners and Respondent-Intervenor.
- Within twenty-one (21) days after Respondents have completed the revised table of contents and provided it to Petitioners and Respondent-Intervenor, all Parties shall review the Administrative Record to determine if there is any disagreement with the revisions. Further, all parties shall analyze their briefing and ensure that the documents they have cited are contained in the official Administrative Record provided to the Court.
- If cited documents are missing, the Parties are directed to confer regarding any missing documents and attempt to reach a good faith agreement regarding whether the document(s) should have been included in the official Administrative Record.
- Within two (2) weeks after the Parties have completed their review, the Parties shall file a Joint Status Report, informing the Court regarding

(1) whether additional documents must be lodged with the Court; and

(2) whether the Parties disagree as to the scope of the Administrative Record provided to the Court.

- If there is no disagreement regarding missing document(s) that should have been included in the Administrative Record, Respondents may lodge the missing portion(s) of the Administrative Record, without further leave of the Court.

- If the Parties disagree regarding the scope of the Administrative Record provided to the Court, the Court will provide further guidance after the Joint Status Report is filed. At this time, no additional briefing is permitted. Further, the Court will not revisit its prior Order denying Petitioners' Motion to Compel. (Doc. # 58.)

- Finally, the Court DENIES Respondent-Intervenor's Motion for a Status Conference or Oral Argument (Doc. # 68). At this time, oral argument will not assist the Court. Per the Parties' inquiry, the Court's change to senior status will not delay the resolution of this matter. Rather it will result in more expeditious resolution because the Court's caseload will be reduced.

DATED: April 12, 2022

BY THE COURT:

Christine M. Arguello
CHRISTINE M. ARGUELLO
United States District Judge